# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| STINGRAY IP SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, RING LLC, EERO LLC, AND IMMEDIA SEMICONDUCTOR LLC,<br><br>Defendants. | The Honorable Rodney Gilstrap<br><br>Case Nos.  2:21-cv-00193-JRG<br>2:21-cv-00194-JRG |

## DEFENDANTS' MOTION TO SEVER FOR MISJOINDER
## AND MOTION TO DISMISS FOR IMPROPER VENUE

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A. The Moving Defendants Cannot Be Joined as Defendants Under
        AIA § 299. ..................................................................................................................4

    B. Stingray Does Not, and Cannot, Plead Facts Supporting Venue in
        This District for the Moving Defendants. ...................................................................8

IV. CONCLUSION .....................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ................................................................................5

*Andra Grp., LP v. Victoria's Secret Stores, LLC*,
   No. 4:19-cv-00288-ALM-KPJ, 2020 WL 2478546 (E.D. Tex. Feb. 24, 2020),
   *report and recommendation adopted*, 2020 WL 1465894
   (E.D. Tex. Mar. 26, 2020) ................................................................................................10, 11

*AptusTech LLC v. Trimfoot Co.*,
   No. 4:19-CV-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ............................10

*British Telecomm. PLC v. IAC/InterActiveCorp*,
   CV 18-366-WCB, 2019 WL 1765224 (D. Del. Apr. 22, 2019) ...........................................7, 8

*CIVIX-DDI, LLC v. LoopNet, Inc.*,
   No. 2:12CV2, 2012 WL 13020700 (E.D. Va. June 21, 2012) ..............................................6, 7

*Defendant. AGIS Software Dev., LLC v. ZTE Corp.*,
   No. 2:17-CV-00517-JRG, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) ...............................8

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564
   (E.D. Tex. June 4, 2018) (Bryson, J.) .......................................................................................9

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ..................................................................................................11

*Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*,
   290 F. Supp. 3d 599 (N.D. Tex. 2017) ...................................................................................10

*Golden Bridge Tech., Inc. v. Apple Inc.*,
   No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854
   (C.D. Cal. Sept. 11, 2012) ........................................................................................................8

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ................................................................................................5

*In re Nintendo Co.*,
   544 Fed. Appx. 934 (Fed. Cir. 2013) ........................................................................................5

*Jaffe v. LSI Corp.*,
   No. C 12 -3166 RS, 2012 WL 12921304 (N.D. Cal. Dec. 19, 2012) .......................................8

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Nat'l Steel Car Ltd. v. Greenbrier Cos.*,
   No. 6:19-CV-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020)......................10, 11

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
   No. 6:16-cv-00086-RWS-JDL, 2017 WL 3709095 (E.D. Tex. Feb. 3, 2017) .........................6

*Shockley v. Arcan, Inc.*,
   248 F.3d 1349 (Fed. Cir. 2001)..................................................................................................5

*Soverain IP, LLC v. AT&T, Inc.*,
   No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ............................10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..........................................................................................................1, 9

*Traxcell Techs., LLC v. Nokia Sols. and Networks US LLC*,
   No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 22, 2019) ........................6

*Trustees of Boston Univ. v. Samsung Elecs. Co.*,
   No. 13-10659-PBS, 2013 WL 12324660 (D. Mass. Oct. 28, 2013)......................................4, 7

**STATUTES AND RULES**

28 U.S.C. § 1391(c) .........................................................................................................................3

28 U.S.C. § 1400(b) ..............................................................................................................1, 3, 9, 11

35 U.S.C § 299 ......................................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(3)..............................................................................................................1, 11

Fed. R. Civ. P. 20 ............................................................................................................................5

Fed. R. Civ. P. 21 ............................................................................................................................8

I.      **INTRODUCTION**

Defendants Ring LLC, eero LLC, and Immedia Semiconductor LLC ("Blink") (collectively, "Moving Defendants") respectfully move this Court for an order severing the claims of plaintiff Stingray IP Solutions LLC ("Stingray") against the Moving Defendants under 35 U.S.C § 299, and dismissing those claims for improper venue under Federal Rule of Civil Procedure 12(b)(3).[1]

First, Stingray's claims against the Moving Defendants must be severed under the America Invents Act's joinder provision, 35 U.S.C. § 299. That statute provides that "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the [same] patent or patents in suit." 35 U.S.C. § 299(b). Here, Stingray has done exactly what the statute forbids: it has named five distinct corporate entities, including the three Moving Defendants, each of which Stingray accuses of making and selling *different* accused products. Indeed, aside from the common asserted patents, the only other commonality between the Moving Defendants is that each is an indirect subsidiary of Amazon.com, Inc. But § 299 does not permit joinder of defendants solely on this basis. Stingray's claims against the Moving Defendants must therefore be severed.

Second, Stingray's claims against the Moving Defendants must be dismissed for improper venue under Rule 12(b)(3). Under the patent venue statute, 28 U.S.C. § 1400(b), and Supreme Court case law applying it, Stingray must plausibly allege that each of the Moving Defendants either (1) resides (*i.e.*, is incorporated) in this District; or (2) has both a regular and established place of business and has committed acts of alleged infringement in this District. *TC Heartland*

---

[1] Defendants Amazon.com, Inc. and Amazon.com Services LLC are concurrently filing a response to the Stingray complaints.

1

*LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017).  Stingray does neither.  It is undisputed that each of the Moving Defendants is incorporated in, and thus resides, in Delaware.  And Stingray does not allege any facts plausibly showing that the Moving Defendants have regular and established places of business in the Eastern District of Texas.  Instead, it alleges only that *Amazon*, the corporate parent of the Moving Defendants, has a presence in the District.  This is insufficient as a matter of law.

The Court should therefore sever the claims against the Moving Defendants and dismiss those claims for improper venue.

## II.     BACKGROUND

On June 1, 2021, Stingray filed these lawsuits against Amazon.com, Inc. and Amazon Services LLC (collectively, "Amazon") and the Moving Defendants, alleging infringement of eight patents.  (*See* Case No. 21-cv-193, Dkt. 1 ("193 Compl."), Case No. 21-cv-194, Dkt. 1 ("194 Compl.").)  In the complaints, Stingray accuses four different groups of accused products: (1) certain Amazon Echo smart speakers; (2) Ring's home security products; (3) eero's mesh wireless routers; and (4) Blink's home security cameras.  (193 Compl. ¶¶ 75, 95, 112, 129; 194 Compl. ¶¶ 86, 99, 112, 127.)  The complaints do not allege that these accused products are part of a single infringing system or are otherwise used together as part of the alleged infringement.  Nor do the complaints allege that the Moving Defendants acted in concert to infringe the patents.  Instead, Stingray alleges that each of the Moving Defendants infringes separately by distributing, selling, and delivering their own respective products, and that each accused product is sold separately.  (*See* 193 Compl. at ¶¶ 32, 36, 40.)  Stingray alleges that "[e]ach Defendant is . . . jointly and severally[] liable to Stingray," but alleges no facts to support this allegation.  (*See id.* ¶¶ 87, 104, 121.)

With respect to venue, Stingray alleges that Amazon "has a regular and established place of business, in this District at least at a fulfillment facility . . . among other Amazon locations owned and operated in this District including . . . in Collin and Denton counties." (*See id.* ¶ 24.) But Stingray does not identify any regular and established place of business in the District that is specific to the Moving Defendants. (*See, e.g., id.* ¶¶ 4, 6, 8 (alleging that the Moving Defendants are Delaware corporations with principal places of business in Seattle, WA).) Instead, it repeats the same allegation for each Moving Defendant, pointing to *Amazon's* purported facilities in the District that are allegedly used to store and deliver products sold to customers in the District:

> Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant [] has committed acts of infringement in this District and has one or more regular and established places of business in this District. The regular and established places of business of [Defendant's] ultimate parent Defendant Amazon.com and of Defendant Amazon Services, including those listed above in Collin and Denton counties, are also regular and established places of business of Defendant []. One such regular and established place of business is an Amazon fulfillment facility located at 15201 Heritage Pkwy, Fort Worth, TX 76177, among others. As an affiliate, subsidiary, and alter ego of Amazon.com and Amazon Services, [Defendant] works in concert with its parent companies to store inventory [] at these facilities and deliver such products to consumers []. Employees and agents of Defendants Amazon.com and Amazon Services working at these facilities [], therefore, act as agents of [Defendant] to which [Defendant] exercises some degree of control in managing said inventory, completing deliveries, and handling returns. Accordingly, [Defendant] may be sued in this district under 28 U.S.C. § 1400(b).

(193 Compl. ¶¶ 34 (Ring), 38 (eero), 42 (Blink).) In fact, none of the Moving Defendants is based in or has offices in the Eastern District of Texas; each of the Moving Defendants maintains its own separate headquarters outside of this District and the State of Texas. (*See* Declaration of Ravi Ranganath ("Ranganath Decl.,"), Ex. 1 (Ring's headquarters in Santa Monica, CA); Ex. 2 (eero's headquarters in San Francisco, CA); Ex. 3 (Blink's headquarters in Andover, MA).)

Although Stingray alleges that the Moving Defendants are "alter ego[s]" of Amazon (*see* 193 Compl. ¶¶ 34, 38, 42), it pleads no facts to support these allegations. Stingray further alleges that

"on information and belief, Amazon.com, Amazon Services, Ring, eero, and Blink are essentially the same company." (193 Compl. ¶ 74, 94, 111, 128.) But not only does Stingray fail to cite any facts to support this allegation, but it is implausible on its face. Stingray admits in its complaints that the Moving Defendants are distinct corporate entities from Amazon. (*See* 193 Compl. ¶¶ 4, 6, 8 (describing each of Ring, eero, and Blink as separate limited liability companies).) And it was widely reported at the time of Amazon's acquisition of each of these companies that they would continue to operate independently. (Ranganath Decl., Ex. 4 (*GeekWire*, "Amazon to acquire Ring video doorbell maker, cracking open the door in home security market") ("Amazon is expected to treat the Ring deal similar to past acquisitions . . . maintaining the Ring brand and largely allowing the company to continue operating as it has in the past."), Ex. 5 (*Business Insider*, "Amazon just bought Blink, a startup that makes wireless security cameras") ("Customers who already own a Blink system won't see any change, the company wrote. Instead, Blink will continue to make and sell its cameras under the Amazon umbrella."), Ex. 6 (*The Verge*, "Eero is now officially part of Amazon, pledges to keep network data private") ("Eero will be run independently inside Amazon.").)

**III.   ARGUMENT**

    **A.   The Moving Defendants Cannot Be Joined as Defendants Under AIA § 299.**

The plaintiff bears the burden of pleading facts sufficient to show that joinder is proper. *Trustees of Boston Univ. v. Samsung Elecs. Co.*, No. 13-10659-PBS, 2013 WL 12324660, at *5 n. 5 (D. Mass. Oct. 28, 2013). Under the AIA's joinder provision, accused infringers may not be joined in the same action unless "any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*." 35 U.S.C. § 299(a)(1) (emphasis

4

added).  The claims against each defendant must also involve "questions of fact common to all defendants."  *Id.* § 299(a)(2).  This requirement is not satisfied unless "there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (addressing pre-AIA joinder under Rule 20 of the Federal Rules of Civil Procedure).  "The AIA's joinder provision is more stringent than [Federal Rule of Civil Procedure] 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of *the same accused product or process*."  *In re Nintendo Co.*, 544 Fed. Appx. 934, 939 (Fed. Cir. 2013) (emphasis added).  Stingray cannot properly join the Moving Defendants in the same case for several reasons.

First, Stingray does not plausibly assert any claim for relief sought jointly or severally from the Moving Defendants.  In its complaints, Stingray repeats the same boilerplate allegation for each count: "Stingray has been damaged as a result of Amazon's [purportedly] infringing conduct . . . [and] [e]ach Defendant is thus, jointly and severally, liable to Stingray."  (193 Compl. ¶¶ 87, 104, 121, 137.)  But it does not plead any facts to support this allegation; nor do any such facts exist.  Indeed, even if it were true that *Amazon* is jointly and severally liable with each Moving Defendant, Stingray alleges no facts suggesting that any one of the Moving Defendants is jointly and severally liable for purported infringement by any other Moving Defendant.[2]

Second, Stingray does not allege any "transaction, occurrence, or series of transactions or occurrences" involving "the same accused product or process."  35 U.S.C. § 299(a)(1).  Stingray

---

[2] Stingray does not, for example, allege that Moving Defendants are jointly liable by virtue of making and selling the same allegedly infringing device in the United States.  *See, e.g.*, *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) (noting that in some circumstances, different parties that *make* and *sell* an infringing device could be considered joint tort-feasors).  Nor does Stingray allege that any activity of any of the Moving Defendants is controlled by or attributable to another of the Moving Defendants with respect to their respective accused products.  *See, e.g.*, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (*en banc*).

has distinct infringement allegations against each Moving Defendant. (*See* 193 Compl. ¶¶ 75, 95, 112, 129; 194 Compl. ¶¶ 86, 99, 112, 127.) Stingray separately alleges infringement by (1) Ring's "Ring-branded smart home products" such as the "Ring Video Doorbell" or "Ring alarm systems"; (2) eero's "mesh wireless routers"; and (3) Blink's "wireless home security cameras and video monitoring" devices. (*Id.*) Stingray does not allege any connection between the accused Ring, eero, and Blink products. Indeed, in its infringement allegations against each Moving Defendant, Stingray does not mention any other Moving Defendant or their accused products. (*See, e.g.*, 193 Compl. ¶¶ 51-53, 56-57, 61-66; 194 Compl., ¶¶ 51-53, 65-70.) Because Stingray's infringement claims against the Moving Defendants relate to distinct products that are not alleged to be connected in any way, joinder of the Moving Defendants plainly violates 35 U.S.C. § 299(a). The Moving Defendants must therefore be severed as a matter of law. *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-00086-RWS-JDL, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017) (severance required where infringement contentions of two joint defendants made no mention of the other defendant's products); *Traxcell Techs., LLC v. Nokia Sols. and Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *2 (E.D. Tex. Oct. 22, 2019) (joinder improper under § 299 when only alleged connection between defendant products was that defendant's cell phones may connect to a network that utilizes another defendant's network).

Indeed, the only connections between the Moving Defendants that Stingray articulates in its complaints are that (1) each is an indirect subsidiary of Amazon; (2) the accused products are sold by Amazon; and (3) the products generally involve the same accused technologies. (*See* 193 Compl. ¶¶ 4, 6, 8, 20.) None justifies joinder of these separate corporate entities.

First, alleging a common corporate parent entity is not sufficient for joinder of defendants under the AIA. *See CIVIX-DDI, LLC v. LoopNet, Inc.*, No. 2:12CV2, 2012 WL 13020700, at *3

(E.D. Va. June 21, 2012) (denying request for joinder under § 299 of wholly owned subsidiary when the two corporate entities were accused of infringing via independently operated and distinct products); *British Telecomm. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 1765224, at *1 (D. Del. Apr. 22, 2019) (common parent corporation insufficient to justify joinder). Indeed, doing so would require disregarding the corporate form and piercing the corporate veil, and Stingray pleads no facts that would justify doing so. *See CIVIX-DDI, LLC*, 2019 WL 13020700 at *4 ("Without sufficient facts to suggest that CoStar controls LoopNet, or that CIVIX's alter ego theory of liability is plausible, its attempt to avoid the AIA's specific limits on joinder by asserting the claim is futile.").

Second, selling products through a common distributor or reseller is not a single transaction or occurrence giving rise to an infringement claim.[3] In *Trustees of Boston Univ. v. Samsung Elecs.*, a Massachusetts court found that a manufacturer and distributor could not be joined in a single action "because the alleged liability of the distributor or customer does not arise out of the same transaction or series of transactions as the manufacturer's alleged liability." 2013 WL 12324660, at *4. Moreover, even if selling through Amazon justified joinder of *Amazon* with each Moving Defendant, it would not justify joining the Moving Defendants as defendants in a single case. *British Telecommunications PLC v. IAC/INTERACTIVECORP* is instructive on this point. In that case, the plaintiff sued a parent company, IAC, and three of its subsidiaries, two Match Group entities and Vimeo. 2019 WL 1765224 at *1. In response to a motion for severance under § 299, the plaintiff pointed only to the connection between the parent IAC and each individual defendant, and identified no connection between the subsidiary defendants. *Id.* at *2 (BT's "arguments go to

---

[3] Any contrary result would completely frustrate the AIA, as it would justify joinder of any companies that happen to sell products on the Amazon website, which includes a catalog of over 6 billion items.

the relationship between Vimeo and IAC, on the one hand, and the Match Group defendants and IAC, on the other"). In granting severance, Judge Bryson noted that the plaintiff "point[ed] to nothing that directly connects the claims against [one subsidiary] with the claims against the [second subsidiary]." *Id.* Just as joinder in that case was improper, so too would joinder of the Moving Defendants in this case.

Third, Stingray's allegation that the accused products rely on the same "fundamental technologies" falls far short of the requirements for joinder. *Jaffe v. LSI Corp.*, No. C 12 -3166 RS, 2012 WL 12921304, at *2-3 (N.D. Cal. Dec. 19, 2012) (finding misjoinder under § 299 even when the defendants' products were manufactured by the same foundries and were otherwise similar); *Golden Bridge Tech., Inc. v. Apple Inc.*, No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854, at *1-3 (C.D. Cal. Sept. 11, 2012) (finding misjoinder under § 299 even when different smartphone manufacturers allegedly used the same 3G standard and accused products included the same processors). Permitting joinder on the basis of similar infringement allegations would expressly violate Section 299's prohibition on joining defendants solely on the basis of common asserted patents.

Because Stingray cannot join the Moving Defendants in a single case as a matter of law, the Court should sever Stingray's claims against each Moving Defendant into a separate case and, for the reasons discussed below, should dismiss those claims for improper venue. Fed. R. Civ. P. 21 (remedy for misjoinder is to "drop a party"); *Jaffe*, 2012 WL 12921304, at *3-4 (dismissing claims against improperly joined defendants without prejudice).

### B. Stingray Does Not, and Cannot, Plead Facts Supporting Venue in This District for the Moving Defendants.

To establish proper venue, Stingray must plausibly allege facts supporting venue *independently for each Defendant*. *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-

8

JRG, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018) ("in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant") (citation omitted).  To do so, Stingray must allege that each defendant either (1) resides—*i.e.*, is incorporated—in this District, or (2) has both (a) a regular and established place of business, and (b) has committed acts of infringement in this District.  28 U.S.C. § 1400(b); *TC Heartland*, 137 S. Ct. at 1520-21.  Stingray does not, and cannot, do so here as to the Moving Defendants.

Stingray admits that the Moving Defendants are Delaware corporations that, therefore, do not "reside" in this District for purposes of the first prong of § 1400(b).  (193 Compl. ¶¶ 4, 6, 8; 194 Comp. ¶¶ 4, 6, 8); *TC Heartland*, 137 S. Ct. 1514 at 1520-21.  Stingray also does not identify any regular and established place of business of the Moving Defendants in this District.  That is because none of the Moving Defendants is based in the State of Texas, let alone the Eastern District of Texas.  (*See* Ranganath Decl., Exs. 1-3.)

Instead, Stingray alleges that venue is proper for each of the Moving Defendants because *Amazon* allegedly has a presence within the Eastern District of Texas, and the Moving Defendants are purportedly "affiliate[s], subsidiary[ies], and alter ego[s]" of Amazon and "work[] in concert" to store and distribute the accused products.  (193 Compl. ¶¶ 16, 27 (identifying Amazon facilities and employees purportedly in Collin and Denton Counties), ¶¶ 34, 38, 42 (alleging venue is proper for Ring, eero, and Blink based on "[t]he regular and established places of business of [each subsidiary's] ultimate parent Defendant Amazon.com and of Defendant Amazon Services").)  This is insufficient as a matter of law.

First, the fact that Amazon facilities in this District are involved in the distribution of the accused products of the Moving Defendants is not sufficient to establish proper venue.  *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *3

9

(E.D. Tex. June 4, 2018) (Bryson, J.) (holding that presence of a "necessary distributor" not enough to establish proper venue as to manufacturer, citing "consistent and substantial case law authority that the place of business of a corporation's distributor is not, without more, an appropriate venue for a patent infringement action."); *AptusTech LLC v. Trimfoot Co.*, No. 4:19-CV-00133-ALM, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020) ("the Court joins the vast number of other district courts, including those within this District, that have held an independent retailer, or a distributor, does not satisfy the requirement that the defendant has a regular and established place of business in the forum").

Second, the law is clear that a regular and established place of business of a *corporate parent* is insufficient to establish proper venue over a *subsidiary* absent evidence that the parent and subsidiary do not observe corporate formalities. *Nat'l Steel Car Ltd. v. Greenbrier Cos.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020) (finding venue improper, noting that "[w]hen the parent and subsidiary observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity"); *Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-00288-ALM, 2020 WL 2478546, at *3 (E.D. Tex. Feb. 24, 2020), *report and recommendation adopted*, 2020 WL 1465894 (E.D. Tex. Mar. 26, 2020) (recognizing that "so long as formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other for the purpose of determining venue") (internal quotations omitted); *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS, 2017 WL 6452802, at *2 (E.D. Tex. Dec. 18, 2017) ("[F]or a regular and established place of business of a subsidiary to be imputed to a corporate relative, there must be a lack of formal corporate separateness" (internal quotation omitted)); *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 611 (N.D. Tex. 2017) ("A subsidiary's presence

10

in the district cannot be imputed to the parent for venue purposes so long as the two entities maintain formal corporate separateness. . . . This is true even if the parent corporation controls the subsidiary's operations and the companies share a unitary business purpose." (internal citation omitted)).

Stingray pleads no facts showing a lack of corporate separateness. Indeed, because, as Stingray concedes each of the Moving Defendants is a separate corporate entity (*see* 193 Compl. ¶¶ 4, 6, 8), Stingray "must rebut the presumption of institutional independence with clear evidence," as a mere *prima facie* showing of alter ego status is not sufficient. *Nat'l Steel Car Ltd.*, 2020 WL 4289388, at *3; *see also Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (corporate affiliation, without more, does not establish jurisdiction). And Stingray does not, and cannot, do so. Each of the Moving Defendants maintains a separate corporate headquarters and operates as an independent company. (*See* Ranganath Decl., Exs. 1-3 (identifying the corporate headquarters of Ring in Santa Monica, CA, eero in San Francisco, California, and Blink in Andover, Massachusetts); Exs. 4-6 (Ring, eero, and Blink operated independently).) Nor does Stingray identify any employees or agents of the Moving Defendants based at any of the alleged Amazon facilities in this District. (*See* 193 Comp. ¶¶ 31-43.)

Because Stingray identifies no "regular and established place of business" in this District for any of the Moving Defendants, and pleads no facts that allow venue for Amazon to be imputed to the Moving Defendants, its claims against the Moving Defendants must be dismissed for improper venue under Rule 12(b)(3).

### IV.   CONCLUSION

For the foregoing reasons, Moving Defendants—Ring, eero, and Blink—respectfully request that the Court sever the claims against them for misjoinder and dismiss the claims against them for lack of venue under 28 U.S.C. § 1400(b).

Dated: July 30, 2021 Respectfully submitted,

By:   */s/ Ravi R. Ranganath*
J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex.)
Email: sshamilov@fenwick.com
Ravi R. Ranganath
CA Bar No. 272981 (Admitted E.D. Tex.)
Email: rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Geoffrey R. Miller
(Texas State Bar No. 24094847)
Email: gmiller@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200

Min Wu
CA Bar No. 307512 (Admitted E.D. Tex.)
Email: min.wu@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.281.1350
Facsimile: 415.281.1350

Deron R. Dacus
(Texas State Bar No. 00790553)
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323. Suite 430
Tyler, TX 75701

12

        Telephone:  903.705.1117
        Facsimile:  903.581.2543

        *Counsel for Defendants*
        RING LLC, EERO LLC, AND IMMEDIA
        SEMICONDUCTOR LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail.

*/s/ Ravi R. Ranganath*
Ravi R. Ranganath
